

Jenny A. Covington
Attorney
T: (612) 464-7626
jenny.covington@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW
1600 Utica Ave. S
Suite 600
Minneapolis, MN 55416
T:(612) 464-4500  F:(612) 255-0739
**nelsonmullins.com**

May 16, 2024

<u>Via CM/ECF</u>

Honorable Jon S. Tigar
United States District Court
1301 Clay Street, 2nd Floor
Oakland, California 94612

    RE: Case Nos. 24cv00643, 24cv000689, 24cv000693, 24cv000696, 24cv000903, 24cv001061, 24cv001085, 24cv01192, 24cv01193, 24cv01194, 24cv01261, 24cv01353, 24cv01680, 24cv01745, 24cv01853, 24cv02031

Dear Judge Tigar:

  This firm represents Defendants CooperSurgical, Inc. and The Cooper Companies, Inc. in the above-referenced cases. Per the Court's request, we have spoken to our client, CooperSurgical, regarding ceasing communications related to CooperSurgical's Fertility Patient Program. As set forth in our opposition to Plaintiffs' Motion for a Protective Order (Case no. 24-CV-01261, ECF Dkt no. 30), the Fertility Patient Program provides compensation for a replacement cycle or reimbursement for a cycle allegedly affected by recalled culture media. The program is an extension of CooperSurgical's long-standing practice of working with patients and doctors to address concerns, supporting patients on the journey towards creating a family through similar compensation, and ensuring customer satisfaction.

  CooperSurgical believes its program providing expedient compensation so that patients can pursue a replacement cycle is an important one. CooperSurgical knows that certain patients will have urgent needs for funds to be able to timely repeat their cycles because of age or other factors. While CooperSurgical understands the Court's desire to have ample time to consider the motion for a protective order and CooperSurgical's opposition, it respectfully desires to continue its program in order to facilitate the wishes of patients who desire funds to quickly repeat their cycles.

  Notwithstanding , the above concerns, courts have the authority to hold releases voidable at the option of the settling party should the communications not comply with legal requirements in the class action setting, but such a remedy is more appropriate after a class action is certified. (See, CooperSurgical's Opposition to MPO Ecf Dkt no. at pp. 22-23.) Thus, there is no urgency here with respect to this Court's decision on the Motion for Protective Order. To the extent any

Jon S. Tigar
May 16, 2024
Page 2

relief is appropriate at all, such relief can be made in the future if and only if, Plaintiffs show the class is proper and that CooperSurgical's communications were improper. Thus, ongoing communications, payments, and releases made at the patients' option through the Fertility Patient Program pending the determination on the Motion for Protective Order do not in any way impair the rights of the representative class members or putative class members now or in the future.

      We appreciate your consideration of this request.

                              Respectfully submitted,

                              Jenny A. Covington

JAC:aa

cc:    All counsel of record

4876-3325-6639