Jenny A. Covington SBN 233625
Molly Jean Given (Pro Hac Vice)
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
1600 Utica Avenue South, Suite 600
Minneapolis, MN 55416
Telephone:  (612) 464-7626
Facsimile:  (612) 255-7499
Email: jenny.covington@nelsonmullins.com
       mollyjean.given@nelsonmullins.com

Jennifer T. Persky SBN 274804
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:  (424) 221-7400
Facsimile:  (424) 221-7499
Email: jennifer.persky@nelsonmullins.com
Attorney for Defendants
THE COOPER COMPANIES, INC.
and COOPERSURGICAL, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. and H.I., individually and on behalf of all others similarly situations<br><br>Plaintiffs,<br><br>v.<br><br>COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 4:24-cv-01261-JST<br><br>Assigned to:   Judge Jon S. Tigar<br><br>**PARTIES' JOINT SUBMISSION CONCERNING PROPOSED CORRECTIVE DISCLOSURE PER THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER (ECF NO. 52)** |

Per its May 20, 2024, Order (ECF No. 52), the Court directed Defendant CooperSurgical, Inc., to send a "corrective disclosure in a form approved by the Court" and for the parties to meet and confer on the "on appropriate language" for the corrective notice. The parties met and conferred multiple times, including by telephone and email, and have exchanged drafts with revisions and proposed edits for the disclosure.

Through this process, the parties have agreed on many aspects of the content of the disclosure. The parties propose a form of notice that would contain 1) for all individuals with whom Defendants communicated on or after March 1, 2024, the information the Court required concerning the filing of this action and Plaintiffs' counsel's contact information, along with a copy of the initial filing, and 2) in addition for only those individuals who executed releases on or after March 1, 2024, information concerning the voidability of those releases and what would happen with respect to any amounts paid pursuant to a later-voided agreement.

The lone remaining point of disagreement concerns the timing and contingency of voidability of such releases for the corrective notice sent to those who executed releases on or after March 1, 2024.

In particular, Plaintiffs interpret the Court's Order as allowing releases executed on or after March 1, 2024, to be voided effective immediately. Plaintiffs do not interpret the Order to condition the voidability of the releases on whether a class is ultimately certified (or whether an individual participates in any certified class). Defendants, meanwhile, interpret the Court's Order as making voidability of releases contingent and only "should a class be certified" of which the releasor would be a member, and that voidability would not apply to individuals who opt out of any certified class.

The parties provide below brief statements of and justifications for their respective positions, and they attach their competing versions of the proposed notice for the Court's consideration (Exhibits A and B) along with a version with competing positions (Exhibit C). Regardless of which version the Court adopts, CooperSurgical stands ready to send the approved corrective disclosure and to certify such on or before the Court's June 14, 2024, deadline.

**Plaintiffs' Position**: The Court should select Plaintiffs' version of the corrective notice, attached as **Exhibit A**, because it adheres to the Court's Order. Order, ECF No. 52 at 10. The Order directs that releases executed on or after March 1, 2024 "*are* voidable at the election of each settling putative class member." *Id*. at 11 (emphasis added). The Court reasoned that the releases "are voidable" now, without condition, because communications used to obtain those releases were misleading. *Id*. Defendants misinterpret the order to add a condition that does not exist — that the settlement agreements *will be* voidable *only if* the Court certifies a class action.

Defendants cite various out of circuit authorities to support their position that improperly obtained releases are only voidable if and when a court certifies a class. But courts in this District have not followed that path. *See, e.g., Cnty of Santa Clara v. Astra USA, Inc*., 2010 WL 2724512, at *6 (N.D. Cal. July 8, 2010) (invalidating release prior to class certification, no corrective notice required); *Camp v. Alexander*, 300 F.R.D. 617 (N.D. Cal. 2014) (invalidating opt-out declarations prior to class certification and ordering corrective notice). In both *Astra* and *Camp*, the releases (or, in *Camp*, the opt-out declaration) were invalidated immediately because they were misleading, and therefore improperly obtained. Here it is the same: the releases are voidable now, at each putative class member's election, because they were obtained improperly.

Finally, Defendants urge this Court to follow the approach taken by *Friedman v. Intervet Inc*., 730 F. Supp. 2d 758, 767 (N.D. Ohio 2010), where the court waited until after class certification to decide whether to void releases. But this Court has already diverged with *Friedman* as it has already decided that the releases are voidable. The question now is when class members who signed a release can void it; not whether it is voidable.

**<u>Defendants' Position</u>**: Paragraph 6 of the Court's Order provided that "releases executed on or after [March 1, 2024] are voidable at the election of each settling putative class member." (ECF No. 52 at 11.) It further provided: "Settling putative class members may elect to void an individual settlement agreement at any time through the end of the opt-out period, should a class be certified, or as otherwise ordered by the Court." (*Id*.) Defendants interpret this provision as allowing releases to be voided "should a class be certified," and submit that such interpretation is supported by the relevant case law, including case law on which the Court relied. Accordingly, Defendants request that the Court should select the corrective notice attached as **Exhibit B**.

*Friedman v. Intervet Inc.*, which the Court's Order cited multiple times, addressed a similar situation concerning communications that took place after the filing of a putative class action. 730 F. Supp. 2d 758 (N.D. Ohio 2010). As here, the court there found the communications at issue "misleading, but neither coercive nor abusive," and therefore imposed only minimal limitations on the defendants' communications with putative class members. *Id*. at 766. The court there also noted "the difficult path plaintiff must tread for class certification" in that products liability class action, *id*. at 767—similar to

this Court's agreement that "the Supreme Court has cautioned that personal injury claims may not be suitable for class certification because they 'present 'significant questions, not only of damages but of liability and defense of liability . . . affecting [individual class members] in different ways." (ECF No. 52 at 5–6 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).)

As here, the *Friedman* court was asked to void any releases signed by individuals before they received notice of the putative class action. The court declined the request to void such releases immediately, and instead ruled that "the proper time for any such inquiry is *after* class certification, as invalidation of settlements is a drastic step that I do not intend to take lightly." 730 F. Supp. 2d at 767. The court also acknowledged "the onerous nature of setting aside settlements previously obtained" as well as "defendant's significant rights relevant to this issue." *Id*. at 768.

The *Friedman* court's wait-and-see approach with respect to potential voidability of releases is consistent with numerous courts' holdings. For example, in *Tolmasoff v. Gen. Motors, LLC*, addressing a similar situation, the court observed that instead of allowing immediate invalidation or voiding of releases pre-certification, "courts have held that the appropriate solution is to wait until after the class is certified and then include a statement in the class-action notice stating that the court will entertain applications to void any releases previously signed." No. 16-11747, 2016 WL 3548219, at *15 (E.D. Mich. June 30, 2016) (citing cases). Other courts have observed the same, agreeing that the "better time to inquire as to whether *any* settlement agreements should be voided is *after* class certification." *In re Midwestern Pet Foods Mktg., Sales Pracs. & Prod. Liab. Litig*., No. 321CV00007RLYMPB, 2021 WL 12248951, at *7 (S.D. Ind. Aug. 10, 2021); *also Jin Nakamura v. Wells Fargo Bank, Nat'l Ass'n*, No. 17-4029-DDC-GEB, 2018 WL 994706, at *9 (D. Kan. Feb. 21, 2018) ("Nonetheless, the Court notes that other courts dealing with similar situations have opted, in lieu of unilaterally invalidating releases, to wait until after the class is certified and include a statement in the certification notice stating the court will entertain applications to void any releases previously signed at that time.").

Such a cautious approach makes sense in light of the reasoning behind requiring communications concerning releases to provide notice of a pending class action—to advise the putative class members they may be "giving up the right to participate *in a putative class action*." (ECF No. 52 at 5 (emphasis added; citing *Friedman*, 730 F. Supp. 2d at 764).) Indeed, as in *In re Currency Conversion Fee Antitrust*

*Litig.* (which the Court also cited), the agreements with putative class members at issue were deemed improper because the defendant did not advise those individuals that by "failing to reject the arbitration clause, they were forfeiting their rights as potential plaintiffs *in this litigation*"—i.e., in the putative class action. (*Id.* (citing 361 F. Supp. 2d 237, 251 (S.D.N.Y. 2005)).)

There is no justification, however, for allowing someone who signed an individual release agreement to void that agreement before class is ever certified. If there is no class certified, or no such class of which they would be a member, then the releasor has forfeited nothing. Instead, the releasor would be in no different position than if no class action had ever been filed.

This is why the *Friedman* court and many others advocate for waiting until *after* a class is certified—to avoid invalidating or voiding releases for no reason where a class is never certified and the releasor has forfeited nothing in terms of participating as a class member. *E.g., Jin Nakamura*, 2018 WL 994706, at *9 ("And, if certification is not granted, it avoids Wells Fargo having paid out settlement money without any valid releases being executed.").

Finally, Plaintiffs' proposed version for the corrective disclosure would allow releasors not only to void their releases before any class is ever certified, but also to do so where they opt out of a certified class to pursue their claims individually. But just as there is no reason to invalidate or void a release unless and until a class is actually certified, there is likewise no reason to allow a releasor to void their release if they have opted out the certified class and instead intend to pursue their claims by an individual action. Again, the whole point of finding certain communications with and releases from putative class members to be improper and voidable is where they fail to apprise individuals they may be giving up rights to participate in a putative class action. Where the individual merely wants to pursue an individual action and does not want to participate as member of the class, there is no basis to void the release.

Therefore, Defendants ask the Court to approve and adopt their version of the corrective disclosure, including the provisions with respect to settling parties, and in so doing to clarify that releases may be voidable *only* if a class is certified, and only then as to releasors who are members of the class as certified and who do not opt out.

# CONCLUSION

For the foregoing reasons, the parties respectfully request the Court to approve and adopt their respective versions of the curative disclosure attached to this submission.

DATED:  June 3, 2024			Respectfully submitted,

BY:	  /s/ Jenny A. Covington
	Jenny A. Covington,
	Molly Jean Given (Admitted *Pro Hac Vice*)
	**NELSON MULLINS RILEY & SCARBOROUGH LLP**
	1600 Utica Avenue South, Suite 600
	Minneapolis, MN 55416
	Telephone:	(612) 464-7626
	Facsimile:	(612) 255-7499
	Email: jenny.covington@nelsonmullins.com

	Jennifer T. Persky SBN 274804
	**NELSON MULLINS RILEY & SCARBOROUGH LLP**
	19191 South Vermont Avenue, Suite 900
	Torrance, CA 90502
	Telephone:	(424) 221-7400
	Facsimile:	(424) 221-7499
	Email: jennifer.persky@nelsonmullins.com

	*Attorneys for Defendants*

DATED:  June 3, 2024			BY:	  /s/ Dena C. Sharp (with permission)
	Dena C. Sharp (State Bar No. 245869)
	Adam E. Polk (State Bar No. 273000)
	Nina R. Gliozzo (State Bar No. 333569)
	**GIRARD SHARP LLP**
	601 California Street, Suite 1400
	San Francisco, CA 94108
	Telephone: (415) 981-4800
	Facsimile: (415) 981-4846
	dsharp@girardsharp.com
	apolk@girardsharp.com
	ngliozzo@girardsharp.com

Joseph G. Sauder
Matthew D. Schelkopf
Juliette T. Mogenson
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: (888) 711-9975
Facsimile: (610) 421-1326
Email: jgs@sstriallawyers.com
Email: mds@sstriallawyers.com
Email: jtm@sstriallawyers.com

*Attorneys for Plaintiffs and Proposed Class*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June 3, 2024, I electronically filed the foregoing document entitled ***PARTIES' JOINT SUBMISSION CONCERNING PROPOSED CORRECTIVE DISCLOSURE PER THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER (ECF NO. 52)*** with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all Counsel of record in this action.

                */s/ Jenny A. Covington*
                Jenny A. Covington