Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
Patrick T. Johnson (State Bar No. 329580)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: dsharp@girardsharp.com
Email: apolk@girardsharp.com
Email: ngliozzo@girardsharp.com
Email: pjohnson@girardsharp.com

*Counsel for Plaintiffs and Proposed Class.*

[*Additional Counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G., H.I., T.U., and V.W., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 4:24-cv-01261-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT** |

1    Pursuant to this Court's order dated September 30, 2024, Civil L.R. 16-9, and the Standing Order
2    for All Judges of the Northern District of California, Plaintiffs F.G., H.I., T.U., and V.W., and
3    Defendants The Cooper Companies, Inc. ("Cooper Companies") and CooperSurgical, Inc.
4    ("CooperSurgical") (collectively, the "Parties"), by and through their respective counsel of record,
5    hereby submit the following Further Joint Case Management Statement to provide their respective
6    positions.

7    The Court's prior September 12 order instructed the Parties to address the sole topic of "what
8    action the Court should take on the pending motions to dismiss and motion to strike, ECF Nos. 67, 68,
9    69, in light of the Court's recent Order Granting Defendants' Motions to Dismiss and Granting Plaintiffs
10   Jurisdictional Discovery in *Walden v. CooperSurgical,* 4:24-cv-00903-JST (N.D. Cal. Sept. 9, 2024)."
11   (Order, ECF No. 84.) At the Parties' request, the Court's September 30 order instructed the Parties to
12   submit a further status update addressing that issue of the pending motions to dismiss and strike within
13   seven (7) days of a decision by the JPML on the outstanding petition to transfer and centralize the
14   related cases. (Order, ECF No. 86.) On October 4, 2024, the JPML denied Plaintiffs' petition to transfer
15   and centralize. *See* Ex. A, Order Denying Petition. The Parties hereby provide their respective positions
16   on proposed next steps, and request a case management conference at the Court's next availability.

17   As laid out below, the parties agree that the Court should defer ruling on CooperCompanies'
18   motion to dismiss (ECF No. 67) in full, as well as that it would be appropriate for the Court to proceed
19   now with deciding Defendants' motion to strike (ECF No. 69), and—should the Court request it—will
20   make themselves available for a hearing on the latter at the Court's convenience. The only point of
21   contention is with respect to CooperSurgical's motion to dismiss (ECF No. 68)—specifically, while the
22   parties agree that the Court should defer with respect to the portion of that motion directed to the non-
23   California Plaintiffs (for the same reasons as with CooperCompanies' motion to dismiss and in light of
24   *Walden*), they disagree whether the Court should take up the remainder of that motion to dismiss with
25   respect to the California Plaintiffs.

26   The parties lay out their respective positions below on that lone point of contention and jointly
27   request a case management conference to discuss this Joint Statement at the Court's convenience.

28

**I.     Plaintiffs' Position and Statement**

Plaintiffs believe this Court has full authority to resolve CooperSurgical's motion to dismiss and should do so. Given the JPML's denial of the petition to centralize, there is no longer reason for the Court to defer ruling on the pending motions based on potential judicial efficiency considerations.

As laid out in the Parties' July 24, 2024 joint stipulation, ECF No. 74, Defendants did not move on jurisdiction and venue issues as to California plaintiffs. Plaintiffs contend that the Court therefore has jurisdiction to address the merits of CooperSurgical's motion to dismiss as to the California plaintiffs, T.U. and V.W. It is not correct that dismissal of the non-California plaintiffs would require dismissal of any of the causes of action in the class complaint. And, as a practical matter, moving forward on the motion to dismiss will not result in judicial inefficiency, as the parties can coordinate to avoid duplicative briefing on overlapping issues if and when the Court resolves jurisdiction over the non-California plaintiffs. Discovery is already beginning and demurrers have been denied in California state court actions arising from the same recall. *See* Ex. B Order Denying CooperSurgical Inc. Demurrer, *A.B. et al v. CooperSurgical et al.*, No. 23STCV30523 (Oct. 8, 2024 L.A. Cnty. Super. Ct); and Ex. C, Order Denying The Cooper Companies, Inc. Demurrer, *A.B. et al v. CooperSurgical et al.*, No. 23STCV30523 (Oct. 9, 2024 L.A. Cnty. Super. Ct).[1] Defendants' concerns regarding this case advancing ahead of other cases are therefore unfounded.

In short, having filed their complaint over seven months ago, Plaintiffs are eager and prepared to move forward. Plaintiffs therefore respectfully request that the Court decide all pending motions in the sequence the Court deems appropriate, and request both a hearing date for the motions and case management conference at the Court's convenience.

**II.    Defendants' Position and Statement**

Defendants respectfully submit that judicial efficiency favors the Court deferring ruling on the CooperSurgical's motion to dismiss (ECF No. 68) in full. As Plaintiffs acknowledge, the Court's adjudication of the issue of personal jurisdiction in *Walden* will resolve that same issue here with respect to the non-California Plaintiffs (F.G. and H.I.). Thus, while personal jurisdiction may lie as to

---

[1] Plaintiffs will concurrently file a notice of supplemental authority of these two orders.

CooperSurgical for the claims of California Plaintiffs T.U. and V.W., the ultimate ruling in *Walden* may result in the dismissal of the non-California Plaintiffs' claims, which would change the complexion of this action, as well as obviate the need to rule on the substantive aspects of that motion as well with respect to those non-California Plaintiffs.

Moreover, as to both motions to dismiss, the Court had previously determined in setting the briefing schedule and procedure with respect to *Walden* that the Court preferred to address the issues of venue and jurisdiction before addressing the more substantive aspects of Defendants' motions in the various cases. Defendants submit that it makes more sense not to have one set of Plaintiffs' claims in one case in this coordinated, related litigation[2] get out ahead of the other cases here, and that it would be more efficient for the Court overall in terms of timing and coordination of the cases to determine whether and to what extent any other Plaintiffs may remain across these related actions, and against whom, following the Court's determinations as to venue and jurisdiction, so the Court may align and coordinate the adjudication of the substantive aspects of the motions to dismiss across any remaining actions. Indeed, as it did with the jurisdiction/venue briefing in *Walden*, the Court may wish to coordinate or consolidate additional briefing on the substantive aspects of the motion to dismiss as to any remaining actions, which further weighs in favor of deferring on the motions to dismiss here.

DATED: October 11, 2024

By: */s/ Dena C. Sharp*
Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
Patrick T. Johnson (State Bar No. 329580)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dsharp@girardsharp.com
apolk@girardsharp.com
ngliozzo@girardsharp.com
pjohnson@girardsharp.com

---

[2] Defendants submit Plaintiffs' reference to rulings in the state-court litigation is inapposite, considering those were made under entirely different pleading standards. Indeed, this Court has already ruled that CooperCompanies was not properly joined under Rule 8 based on the pleadings here.

|   |   |
|---|---|
| 1 | Joseph G. Sauder |
| 2 | Matthew D. Schelkopf |
|   | Juliette T. Mogenson |
| 3 | **SAUDER SCHELKOPF LLC** |
|   | 1109 Lancaster Avenue |
| 4 | Berwyn, PA 19312 |
|   | Tel: (888) 711-9975 |
| 5 | Facsimile: (610) 421-1326 |
|   | Email: jgs@sstriallawyers.com |
| 6 | Email: mds@sstriallawyers.com |
| 7 | Email: jtm@sstriallawyers.com |

Tracey B. Cowan (State Bar No. 250053)
**CLARKSON LAW FIRM, P.C.**
95 3rd St., 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Facsimile: (213) 788-4070
Email: tcowan@clarksonlawfirm.com

Ryan J. Clarkson (State Bar No. 257074)
Shireen M. Clarkson (State Bar No. 237882)
Olivia E. Davis (State Bar No. 353041)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Facsimile: (213) 788-4070
Email: rclarkson@clarksonlawfirm.com
Email: sclarkson@clarksonlawfirm.com
Email: odavis@clarksonlawfirm.com

*Attorneys for Plaintiffs and Proposed Class*

DATED: October 11, 2024       By: */s/ Jenny A. Covington*
Jenny A. Covington
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1600 Utica Avenue South, Suite 600
Minneapolis, MN 55416
Telephone:    (612) 464-7626
Facsimile:    (612) 255-7499
Email: jenny.covington@nelsonmullins.com

*Attorney for Defendants*

**ATTESTATION OF FILER**

Pursuant to Civil L.R. 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 11, 2024                               */s/ Dena C. Sharp*
                                                                        Dena C. Sharp

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *Dena C. Sharp*
Dena C. Sharp