[*Submitting counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.U., an individual; V.W., an individual, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COOPERSURGICAL, INC.,<br><br>　　　　Defendant. | Case No. 4:24-CV-01261-JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Assigned to: Judge Jon S. Tigar<br>Complaint Filed: March 1, 2024 |

Plaintiffs in the above-captioned actions (the "Related Cases") and Defendant CooperSurgical, Inc. ("CooperSurgical/Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Further Case Management Statement in anticipation of the November 14, 2025, Case Management Conference.

**1.   Motions**

Third-Party Defendants Embryotech Laboratories Inc. and Hamilton Thorne Ltd. each moved to dismiss Defendant and Third-Party Plaintiff CooperSurgical's Third-Party Complaint against them. Dkts. 139, 140. The motions are fully briefed, and the Court found the matter suitable for disposition without oral argument, Dkt. 150, but has not yet issued its order.

**2.   Status of Ongoing Discovery**

Defendant responded to Plaintiffs' Requests for Production and produced documents. The parties have conferred and continue to confer regarding those responses and CooperSurgical's productions. Defendant served Interrogatories and Requests for Production on Plaintiffs, and Plaintiffs will shortly be serving Interrogatories on Defendant. The parties will continue to cooperate regarding their respective discovery requests, responses, and meet and confer obligations.

**Plaintiffs' Statement:** In the parallel proceedings in California Superior Court, plaintiffs (represented by the same counsel as this case) served a Demand for Inspection and Request for Production on CooperSurgical seeking samples of the defective culture media for testing by expert witnesses. CooperSurgical previously represented to Plaintiffs and this Court that "Defendant has affirmed that they have preserved samples of the recalled lots and samples of Global Culture Media that were not part of the recall." Dkt. 112 at 3–4 (Joint Case Management Statement); August 5, 2024 Nelson Mullins Letter (confirming that CooperSurgical has "taken appropriate steps to preserve samples of the recalled preservation media"). Defendant advised Plaintiffs for the first time in October 2025 that the samples have expired, decomposed, and degraded, and that CooperSurgical objects to producing them as a result. During a recent meet and confer, CooperSurgical's counsel represented that the samples had already expired when the parties in this case first met and conferred about their preservation in April 2024, although CooperSurgical said

nothing about the samples expiring or degrading at that time or in any of the several subsequent meet and confers on the topic before October 2025. While the parties will address CooperSurgical's responses to this discovery in Superior Court where the discovery requests were served, Plaintiffs may propose at the appropriate time that the parties confer regarding a briefing schedule on how to address the absence of testable samples in this case.

**Defendant's Statement:** Plaintiffs' Statement regarding a potential discovery dispute in another case is not properly before this Court. The parties have agreed to use discovery from other related cases here. As the parties have not propounded discovery requests in this case, there is no discovery dispute for this Court to address. Plaintiffs can pursue their claims regarding their inspection demand in the state case in which the demand was served—*A.B. and C.D. v. CooperSurgical, et al.*, Lead Case No. 23STCV30523. As of the date of this filing, an Informal Discovery Conference before Judge Young has not been set in that case.

As Defendant has informed counsel for Plaintiffs, Defendant has preserved, and continues to preserve, samples of the media culture at issue. The media culture, however, has a short shelf-life of roughly 75 days, after which the active ingredients naturally break down, such that testing them after that time produces irrelevant results. It is not possible for Defendant to preserve samples manufactured in October 2023 for nearly two years after the culture has naturally expired, in a form that would make testing useful. Testing the preserved samples now, after the samples have degraded, would produce irrelevant information. Defendant has, however, produced all documents showing tests that were completed on the product before December 29, 2023, as well as: all internal test results for the media culture lots at issue; all tests results for those lots from the third-party vendor Embryotech; and all tests Defendant received performed by clinics on the lots.

3.   **Status of Other Litigations**

The Parties have been informally coordinating discovery efforts between this case and other litigations arising from the same recall filed in separate jurisdictions, and will continue to do so.

Cases pending in California Superior Court were recently consolidated for trial, with the first group of cases set to be tried in June 2026. Depositions are scheduled to begin this month.

Cases pending in Connecticut Superior Court have been consolidated, and the court there set procedures for the filing of an administrative master complaint and short form complaints by individual plaintiffs.

Among the pending actions in other jurisdictions is another putative class action, *J.G. v. CooperSurgical*, No. 3:25-cv-00172 (D. Ct. Feb. 4, 2025). CooperSurgical moved to dismiss or stay that action under the "first-to-file" rule. *Id*. Dkts. 22, 23. On October 10, 2025, the court stayed the class complaint pending resolution of a motion for class certification in this case. *Id.* Dkt. 106.

**4.     Issues for the Court's Attention**

At this time there are no issues related to discovery that the Parties contemplate will require the Court's intervention. The Parties have engaged in early discussions regarding potential mediation.

1  Respectfully submitted,

3  DATED: November 7, 2025

/s/ *Nina R. Gliozzo*
Sarah R. London (State Bar No. 267083)
Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
Nina R. Gliozzo (State Bar No. 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: dsharp@girardsharp.com
Email: apolk@girardsharp.com
Email: ngliozzo@girardsharp.com

Joseph G. Sauder
Matthew D. Schelkopf
Juliette T. Mogenson
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: (888) 711-9975
Facsimile: (610) 421-1326
Email: jgs@sstriallawyers.com
Email: mds@sstriallawyers.com
Email: jtm@sstriallawyers.com

*Counsel for Plaintiffs T.U., V.W., and the Proposed Class*

Tracey B. Cowan (State Bar No. 250053)
**CLARKSON LAW FIRM, P.C.**
95 3rd St., 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Facsimile: (213) 788-4070
Email: tcowan@clarksonlawfirm.com

Ryan J. Clarkson (State Bar No. 257074)
Shireen M. Clarkson (State Bar No. 237882)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Facsimile: (213) 788-4070

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 4:24-CV-01261-JST

Email: rclarkson@clarksonlawfirm.com
Email: sclarkson@clarksonlawfirm.com
Email: odavis@clarksonlawfirm.com

*Counsel for Plaintiffs CLF 005, CLF 006, T.U., V.W., and the Proposed Class*

<u>*/s/ Molly Jean Given*</u>
Jenny A. Covington (State Bar No. 233625)
Molly Jean Given (*pro hac vice*)
**CARLTON FIELDS, P.A.**
80 South 8th Street
Suite 2800
Minneapolis, MN 55402
Telephone: 612-605-9510
Facsimile: 612-605-9511
Email: jenny.covington@nelsonmullins.com
Email: mollyjean.given@nelsonmullins.com

*Counsel for Defendant CooperSurgical, Inc.*

## ATTESTATION OF FILER

Pursuant to Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 7, 2025                  /s/ *Nina R. Gliozzo*
                                         Nina R. Gliozzo

# CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *Nina R. Gliozzo*
Nina R. Gliozzo