**FAEGRE DRINKER BIDDLE & REATH LLP**
JOSHUA E. ANDERSON (SBN 211320)
*josh.anderson@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:   +1 310 203 4000
Facsimile:    +1 310 229 1285

**FAEGRE DRINKER BIDDLE & REATH LLP**
PETER A. MEYER (*Pro Hac Vice*)
*peter.meyer@faegredrinker.com*
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone:   +1 317 237 0300
Facsimile:    +1 317 237 1000

Attorneys for Third-Party Defendants
EMBRYOTECH LABORATORIES INC. and
HAMILTON THORNE LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| T.U. and V.W., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CooperSurgical, Inc.,<br><br>Defendant. | Case No. 4:24-cv-01261-JST<br><br>Hon. Jon S. Tigar<br>Courtroom 6<br><br>**THIRD-PARTY DEFENDANTS EMBRYOTECH LABORATORIES INC. AND HAMILTON THORNE LTD.'S STATEMENT OF RECENT DECISION** |
| CooperSurgical, Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Embryotech Laboratories Inc. and Hamilton Thorne Ltd.,<br><br>Third-Party Defendants. | |

1

THIRD-PARTY DEFENDANTS EMBRYOTECH LABORATORIES INC. AND HAMILTON THORNE LTD.'S
STATEMENT OF RECENT DECISION
Case No. 4:24-CV-01261-JST

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Third-Party Defendants Embryotech Laboratories Inc. ("Embryotech") and Hamilton Thorne Ltd. ("Hamilton Thorne") (collectively "Third-Party Defendants"), file this Statement of Recent Decision to bring to the Court's attention a judicial opinion that is relevant to the Third-Party Defendants' Motions to Dismiss for Lack of Personal Jurisdiction ("Motions") (ECF No. 139, 140) and that was published after the date that Third-Party Defendants filed their reply in support of their Motions.

On October 30, 2025, the Honorable Mark A. Young, Judge in the Superior Court of California, County of Los Angeles, issued the attached order in an action entitled *A.B., et al. v. CooperSurgical, Inc., et al.*, Case No. 24STCV00234 and related cases. The October 30, 2025 order is attached hereto as Exhibit "A."

Dated: November 12, 2025                    FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Joshua E. Anderson*
JOSHUA E. ANDERSON

Attorneys for Third-Party Defendants
EMBRYOTECH LABORATORIES INC.
and HAMILTON THORNE LTD.

2
THIRD-PARTY DEFENDANTS EMBRYOTECH LABORATORIES INC. AND HAMILTON THORNE LTD.'S
STATEMENT OF RECENT DECISION
Case No. 4:24-CV-01261-JST

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

Case 4:24-cv-01261-JST     Document 165     Filed 11/12/25     Page 3 of 10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **24STCV00234** | October 30, 2025 |
| A. B., , et al. vs COOPERSURGICAL, INC., et al. | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: A. Hale | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Adam B. Wolf , Jennifer Chou and Melisa Rosadini-Knott (Video)

For Defendant(s): Joshua Eugene Anderson; Jenny Alyssa Covington By: Enrique Arana and Scott Byers

**NATURE OF PROCEEDINGS:** Status Conference Re: Bellwether Trial / Consolidation; Hearing on Motion to Quash Service of Summons; Hearing on Motion to Quash Service of Summons

The matter is called for hearing.

The Court has read and considered all documents filed hereto regarding the above-captioned Motion and provides counsel with its written Tentative Ruling. Counsel are given the opportunity to argue. After argument, the Court takes the matter under submission. Later, the Court amends and adopts its Tentative Ruling as the Final Ruling as follows:

**FINAL RULING**

LEGAL STANDARD

"A defendant . . . may serve and file a notice of motion for one or more of the following purposes: (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her. . . ." (CCP § 418.10(a).) A court lacks jurisdiction over a party if there has not been proper service of process. (Ruttenberg v. Ruttenberg (1997) 53 Cal.App.4th 801, 808.) "When a motion to quash is properly brought, the burden of proof is placed upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence." (Aquila, Inc. v. Sup. Ct. (2007) 148 Cal.App.4th 556, 568.)

"[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. [Citation.]" (Dill v. Berquist Construction Co. (1994) 24 Cal.App.4th 1426, 1444.) "[T]he filing of a proof of service creates a rebuttable presumption that the service was proper" but only if it "complies with the statutory requirements regarding such proofs." (Id. at 1441-1442.)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **24STCV00234** | October 30, 2025 |
| **A. B., , et al. vs COOPERSURGICAL, INC., et al.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: A. Hale | Deputy Sheriff: None |

---

Personal Jurisdiction

Due process permits state courts to exercise personal jurisdiction over nonresidents who have "minimum contacts" with the forum state. "Minimum contacts" means the relationship between the nonresident and the forum state is such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice" under the U.S. Constitution's Fourteenth Amendment Due Process Clause. (International Shoe Co. v. Washington (1945) 326 U.S. 310, 316.) The extent to which a California court can exercise personal jurisdiction over a defendant depends on the nature and quality of defendant's "contacts" with the state.

Under a "general" jurisdiction analysis (also called "all-purpose" or "unlimited" jurisdiction), nonresident defendants may be sued on causes of action unrelated to their activities within the state. (Perkins v. Benguet Consolidated Mining Co. (1952) 342 U.S. 437, 446-447.) General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are substantial, continuous, and systematic. (F. Hoffman-La Roche, Inc. v. Sup. Ct. (2005) 130 Cal.App.4th 782, 796.) "In such circumstances, it is not necessary that the specific cause of action alleged be connected with the defendant's business relationship to the forum." (Id.) "The standard for establishing general jurisdiction is 'fairly high,' [citation] and requires that the defendant's contacts be of the sort that approximate physical presence." (Elkman, supra, 173 Cal.App.4th at 1315.) "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." (Id.)

Where general jurisdiction cannot be established, a court may assume specific jurisdiction over a nonresident, if the nonresident purposefully directed its activities at forum residents, or purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law. (Hanson v. Denckla (1958) 357 U.S. 235.) Specific jurisdiction involves a three-part test: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable."(Jewish Defense Organization, Inc. v. Sup. Ct. of Los Angeles County (1999) 72 Cal.App.4th 1045, 1054 [purposefulavailmentexists where a defendant performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state].)

EVIDENTIARY ISSUES

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

24STCV00234                                                                                          October 30, 2025
A. B., , et al. vs COOPERSURGICAL, INC., et al.                                          8:30 AM

Judge: Honorable Mark A. Young          CSR: None
Judicial Assistant: K. Metoyer          ERM: None
Courtroom Assistant: A. Hale            Deputy Sheriff: None

---

Cross-Defendants' objections to the Damiani Declaration are SUSTAINED as to nos. 4 (lacks foundation), 6 (same), 7 (same), 8 (as to what discovery may show), 9, (lacks foundation) and 12 (as to the legal conclusions), and OVERRULED as to the remainder.

Cross-Defendants' request for judicial notice is GRANTED.

Cross-Complainant's request for judicial notice is DENIED.

ANALYSIS

Cross-Defendants Embryotech Laboratories Inc. and Hamilton Thorne Ltd. move to quash service of summons on the grounds that this court lacks personal jurisdiction over them. Cross-Defendants have moved to quash in each of the above-entitled actions, filing substantially identical motions. Cross-Complainants CooperSurgical oppose each motion, asserting there are sufficient minimum contacts for personal jurisdiction. CooperSurgical, however, concedes that that the Court does not have general jurisdiction over Cross-Defendants. (Amend. Opp. at 12 n.3.) The Court will address the remaining issues together.

Purposeful Availment

" ' "The purposeful availment inquiry ... focuses on the defendant's intentionality. [Citation.] This prong is only satisfied when the defendant purposefully and voluntarily directs [its] activities toward the forum so that [it] should expect, by virtue of the benefit [it] receives, to be subject to the court's jurisdiction based on" [its] contacts with the forum.' [Citation.] Thus, purposeful availment occurs where a nonresident defendant ' "purposefully direct[s]" [its] activities at residents of the forum' [citation], ' "purposefully derive[s] benefit" from' its activities in the forum [citation], 'create[s] a "substantial connection" with the forum' [citation], ' "deliberately" has engaged in significant activities within' the forum [citation], or 'has created "continuing obligations" between [itself] and residents of the forum' [citation]. By limiting the scope of a forum's jurisdiction in this manner, the ' "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts....' [Citation.] Instead, the defendant will only be subject to personal jurisdiction if ' "it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the state." ' [Citation.]" (Snowney v. Harrah's Entertainment (2005) 35 Cal.4th 1054, 1062-1063.)

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| 24STCV00234 | October 30, 2025 |
| A. B., , et al. vs COOPERSURGICAL, INC., et al. | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: A. Hale | Deputy Sheriff: None |

In their opposition, Cross-Complainant relies on a stream of commerce theory to establish jurisdiction. A defendant's placement of a product into the stream of commerce alone does not establish minimum contacts with a forum state. (J. McIntyre Machinery, Ltd. v. Nicastro (2011) 564 US 873, 885-886; see Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC (2013) 216 Cal.App.4th 591, 603-604 [knowledge that defendant's products would eventually be used in California insufficient to establish jurisdiction in California]; Dow Chemical Canada ULC v. Sup.Ct. (2011) 202 Cal.App.4th 170, 179 [no minimum contacts with California found where Canadian manufacturer "might have predicted or known that its products would reach California"].) "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the project for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." (Asahi, supra, 480 US at 112, plur. opn. of O'Connor, J; see also World-Wide Volkswagen Corp. v. Woodson (1980) 444 US 286, 297 [a purchaser's unilateral activity of bringing goods into a forum state does not constitute "purposeful availment" by an out-of-state retailer or distributor].) California courts have accordingly held that, where products are not sold in a state as part of the regular and anticipated flow of commerce into that state, mere foreseeability that products could reach the forum state is not enough to establish minimum contacts. (Bombardier, supra, 216 Cal.App.4th at 604; see Luberski, Inc. v. Oleificio F.LLI Amato S.R.L. (2009) 171 Cal.App.4th 409 [Italian company entered into a direct sales contract with a California business purposefully had availed itself of the California forum]; cf. Carretti v. Italpast (2002) 101 Cal.App.4th 1236 [company lacked contacts where product sold to retailer in Italy, it had no offices or employees in US, it did not market, advertise or sell its products directly to California users, and there was only one California distributor who purchased its product].)

Cross-Complainant fails to adduce sufficient evidence establishing that Cross-Defendants purposefully availed themselves of California law. Cross-Defendants performed final testing for product release on CooperSurgical's culture media. (Damiani Decl. ¶ 9.) This service was provided on a weekly basis by Cross-Defendants to CooperSurgical since at least 2019 and for CooperSurgical's acquired predecessor even before then. (Id. ¶¶ 10, 12.) Cross-Complainant argues that Cross-Defendants knew or should have known that the embryo culture media for which they were responsible for performing pre-distribution quality assurance tests would ultimately be distributed to IVF clinics across the country, including clinics in California. (Id. ¶¶ 16-17.) As noted above, however, Cross-Defendants' mere participation in the stream of commerce alone is insufficient, even with knowledge that the media would reach California.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| 24STCV00234 | October 30, 2025 |
| A. B., , et al. vs COOPERSURGICAL, INC., et al. | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: A. Hale | Deputy Sheriff: None |

Something more must be adduced which leads to an inference that demonstrates that Cross-Defendants had a purpose or intent to serve California. In order to meet their burden, CooperSurgical attempts to reframe Cross-Defendants as being part of the "manufacturing of the embryo culture media." That argument, however, is unsupported by the evidence or the law. Here, media was manufactured in Costa Rica and then sent to Massachusetts for testing.

Cross-Complainant proffers evidence that Cross-Defendants maintained only sporadic and insubstantial connections with California. Cross-Complainant contends that Embryotech also targeted customers and participated in conferences in California, citing Cross-Defendants' purported website advertisements (to which there is no evidentiary basis). (See Opp. p. 15-16.) Cross-Complainant also claims that Hamilton Thorne has distributors in California, again citing websites without an evidentiary basis. Moreover, the websites maintained by Cross-Defendants do not support purposeful availment. In Pavlovich v. Superior Court (2002) 29 Cal.4th 262, the California Supreme Court adopted a sliding scale test to evaluate internet activity for jurisdictional purposes:

"At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. [Citation.] At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. [Citation.] The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."

(Id. at p. 274.) The cited websites only show passive advertisements and posted contact information, rather than fully interactive websites designed to target California residents.

Hamilton, as Embryotech's parent corporation, is also not subject to personal jurisdiction. Cross-Complainant puts forth no evidence in support of its contentions that Embryotech is the alter ego of Hamilton Thorne. (Covington Decl., ¶ 9.)

Forum-related activities

To carry the second prong, a complainant must demonstrate that "there is a substantial nexus or connection between the defendant's forum activities and the plaintiff's claim." (Vons Companies,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| 24STCV00234 | October 30, 2025 |
| A. B., , et al. vs COOPERSURGICAL, INC., et al. | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: A. Hale | Deputy Sheriff: None |

---

Inc. v. Seabest Foods, Inc. (1996) 14 Cal.4th 434, 445.) A claim need not arise directly from the defendant's forum contacts in order to be sufficiently related to the contact to warrant the exercise of specific jurisdiction, rather, as long as the claim bears a substantial connection to the nonresident's forum contacts, the exercise of specific jurisdiction is appropriate. (Id. at 452.) "[T]he defendant's forum activities need not be directed at the plaintiff in order to give rise to specific jurisdiction." (Id. at 457.) "[T]he nexus required to establish specific jurisdiction is between the defendant, the forum, and the litigation [citations]—not between the plaintiff and the defendant." (Id. at 458.) " ' "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that [contact]." ' [Citation.]" (Id. at 455.)

Cross-Complainant claims against Cross-Defendants do not arise out of, or relate to, the purported activities or contacts in California. (FACC, ¶¶ 6, 37-52, 59-60.) The agreement between Embryotech and CooperSurgical bears little, if any, relationship to California. Rather, it was executed and performed in other states and/or countries. Cross-Complainant only cites the possibility that the tested media would eventually end up in California, which is an attenuated connection. As to the cited websites, there is no substantial connection between Cross-Defendants' sporadic website advertisements and any claim in these cases.

Since neither of the first two prongs are met, the exercise of jurisdiction would not be reasonable. Accordingly, the motions are GRANTED.

As to jurisdictional discovery, after hearing argument from counsel, the Court concludes that Cross-Complainant failed to demonstrate that the requested discovery would lead to any evidence that would support personal jurisdiction. Cross-Complainant requested discovery into three areas: (1) advertising in California for testing services; (2) knowledge the product being tested for CooperSurgical would be shipped/sold to California; and (3) nature of any testing agreements with other California clinics. As to (1) and (3), the claims in this case would not be related to Cross-Defendants services provided to other clinics in California or advertising to those clinics for their testing services. Here, the claims are that Cross-Defendants breached their contractual obligations to Cross-Complainant under the two Quality Assurance Agreements resulting in culture media being shipped by CooperSurgical to California clinics. The alleged breach occurred in Massachusetts. As to Cross-Defendants' knowledge (2), as set forth above, their knowledge is insufficient to establish jurisdiction.

contracted to perform the pre-distribution quality assurance tests on the embryo culture media that is the subject of Plaintiffs' claims against Defendant CooperSurgica

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department M

| | |
|---|---|
| **24STCV00234** | October 30, 2025 |
| **A. B., , et al. vs COOPERSURGICAL, INC., et al.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Mark A. Young | CSR: None |
| Judicial Assistant: K. Metoyer | ERM: None |
| Courtroom Assistant: A. Hale | Deputy Sheriff: None |

Finally, the Court admonishes CooperSurgical not to rely upon unpublished decisions in violation of California Rule of Court Rule 8.1115. (See Cal. R. Ct. 8.115(a) ("an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action.") Future violations may result in sanctions.

**END OF FINAL RULING**

Clerk to give notice.

Certificate of Service is attached.