Jenny A. Covington SBN 233625
Molly Jean Given (*pro hac vice*)
CARLTON FIELDS, P.A.
IDS Center
80 South Eighth Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612.605.9921
Facsimile: 612.605.9511
JCovington@carltonfields.com
MGiven@carltonfields.com

Stephen Beke SBN 290972
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA  90067
Telephone: 310.843.6300
Facsimile: 310.843.6301
sbeke@carltonfields.com

Attorneys for Defendant CooperSurgical, Inc.
*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.U. and V.W., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COOPERSURGICAL, INC.,<br><br>Defendant. | Case No.: 4:24-cv-01261-JST<br><br>Assigned to the Hon. Jon S. Tigar, Courtroom 6<br><br>**JOINT STIPULATION TO CONTINUE SCHEDULING ORDER DEADLINES**<br><br>*[Declaration of Stephen Beke and Proposed Order submitted herewith]*<br><br>Complaint Filed:  March 1, 2024<br>Trial Date:  Not Set |

1   Under Federal Rule of Civil Procedure 16(b), Civil Local Rules 6-1(b), 6-2, 7-12, and 16-

2   2 of the United States District Court for the Northern District of California, and this Court's

3   Scheduling Order, Plaintiffs T.U. and V.W., individually, and on behalf of all others similarly

4   situated, and Defendant CooperSurgical, Inc. (collectively, the "Parties"), by and through their

5   respective counsel, hereby stipulate to, and respectfully move the Court for, an Order to

6   Continue the February 11, 2025 Scheduling Order Deadlines (ECF 124).

7   WHEREAS, the Parties submit this **first request** to Continue Scheduling Order

8   Deadlines based on the following:

9   WHEREAS, Plaintiffs filed their First Amended Class Action Complaint in the above-

10   captioned case in the United States District Court in the Northern District of California on May

11   23, 2024 (ECF 53);

12   WHEREAS, on December 4, 2024, the Court entered an Order Denying

13   CooperSurgical's Motion to Dismiss as to Plaintiffs T.U. and V.W. and Denying Defendants'

14   Motion to Strike (ECF 94);

15   WHEREAS, Plaintiffs filed their Second Amended Complaint on January 21, 2025 (ECF

16   107);

17   WHEREAS, on February 11, 2025, the Court entered a Scheduling Order setting the class

18   certification deadlines and other case management deadlines summarized in the chart *infra* at

19   page 5-6 (ECF 124);

20   WHEREAS, on February 27, 2025, Defendant CooperSurgical, Inc. filed its Answer to

21   Plaintiffs' Second Amended Complaint (ECF 126);

22   WHEREAS, on March 13, 2025, CooperSurgical, Inc. filed a Third-Party Complaint

23   against Embryotech Laboratories Inc., and Hamilton Thorne, Ltd. (ECF 127);

24   WHEREAS, on May 19, 2025, Third-Party Defendants Embryotech Laboratories, Inc.,

25   and Hamilton Thorne, Ltd. filed Motions to Dismiss the Third-Party Complaint filed by

26   CooperSurgical, Inc. (ECF 139, 140);

27   WHEREAS, on July 2, 2025, CooperSurgical, Inc. filed a Notice of Change of Counsel

28   stating that the firm of Nelson Mullins Riley & Scarborough, LLP and attorneys Robert L. Wise

and Jennifer T. Persky were withdrawing as counsel for CooperSurgical, Inc., and that Jenny A. Covington and Molly Jean Given were now affiliated with Carlton Fields, LLP, and remained counsel of record for CooperSurgical, and had filed separate notices of change in firm affiliation, along with a Notice of Appearance of new local counsel, J. Stephen Beke, also of Carlton Fields, LLP, in this matter (ECF 148);

WHEREAS, on November 13, 2025, the Court granted the Motions to Dismiss of Third-Party Defendants Embryotech Laboratories, Inc. and Hamilton Thorne, Ltd. (ECF 166);

WHEREAS, the pleadings were only settled in this case on November 13, 2025 (*see* ECF 166), the Parties need additional time to complete the needed fact and class discovery by January 23, 2026, *i.e.*, the current deadline for substantial completion of fact discovery, or by March 27, 2026, the current fact discovery deadline, in part because of the addition and change of defense counsel on behalf of CooperSurgical;

WHEREAS, the Parties have been diligent in conducting discovery in this case:

a.   Plaintiffs and Defendant have exchanged written discovery, and Defendant recently served a second set of discovery requests on class issues.  Plaintiffs have made a production in response to Defendant's first set of requests, and have stated that they are searching for other responsive documents in their possession, custody, and control.  While there was some delay in Defendant's production of documents due to the change in CooperSurgical's defense counsel, Defendant has produced thousands of documents since September 2025; the Parties have been working collaboratively to confer about the production of additional documents that may be responsive to outstanding discovery requests on both sides;

b.   Following the production of documents and custodial files, the first fact witness depositions began in November 2025 and are currently ongoing;

c.   The Parties are still conferring regarding dates for the depositions of the Plaintiffs; the Parties anticipate that both Plaintiffs depositions will occur by June 2026, as the parties agree it will take additional time to obtain a comprehensive set of relevant records and finalize meeting and conferring related to written discovery

1    before then; and

2    d.    There are several fact witnesses for whom Plaintiffs noticed depositions, but

3    where scheduling has been delayed because the witnesses are no longer

4    employees of CooperSurgical.  Some of these deponents reside out of the country.

5    Thus, it will take additional time to get them properly served under appropriate

6    law and/or the Hague where applicable.

7    WHEREAS, in addition to striving to meet the deadlines in this case, the Parties are

8    working to meet the deadlines in the related cases for which the Parties have been coordinating

9    discovery efforts, including cases with a consolidated trial set for June 2026 in California

10    superior court;

11    WHEREAS, CooperSurgical may learn information at Plaintiffs' depositions that will

12    necessitate further discovery, including, *e.g.*, additional third-party subpoenas (given that

13    Embryotech and Hamilton Thorne are no longer parties to this action) and depositions of

14    Plaintiffs' treating physicians;

15    WHEREAS, Plaintiffs expect to learn information at the depositions of current and

16    former CooperSurgical employees that will necessitate further discovery, including additional

17    document requests, third party discovery, and the identities of additional witnesses;

18    WHEREAS, the Parties are conferring regarding dates and topics for depositions of

19    CooperSurgical under Rule 30(b)(6), which have not yet been set;

20    WHEREAS, the Parties are mindful of Rule 1 and the need to avoid excessive extensions,

21    but despite diligent and cooperative efforts, are in need of, and respectfully request, additional

22    time to complete the necessary discovery;

23    WHEREAS, the expert reply disclosures deadline and the expert completion deadline

24    were initially set forth in the Scheduling Order (ECF 124) for the same day, which would not

25    have allowed time for CooperSurgical to depose any experts that Plaintiffs disclosed on that day;

26    WHEREAS, no trial date has yet been set in this matter, such as would be affected by this

27    Joint Stipulation;

28    WHEREAS, under Civil Local Rule 6-2(a)(3), the modified schedule proposed in this

Joint Stipulation will extend all currently existing case deadlines, with the exception of the date for the Updated Joint Case Management Statement, which is due by 2/13/26, and the Further Case Management Conference, set for 2/20/26;

WHEREAS, the Parties stipulate and agree, subject to this Court's approval, that good cause exists to extend the deadlines in the current Scheduling Order (ECF 124) by approximately six months, because the requested continuance:  (1) is reasonable and necessary to permit completion of discovery and case preparation on the merits, given the complexity of the class action case; (2) will promote efficient case management and conservation of judicial resources, (3) is not being sought for purposes of delay; and (4) will not prejudice any party;

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE THAT, subject to the approval and Order of the Court, while all other dates and deadlines shall remain unchanged unless otherwise ordered by the Court, the deadlines in the current Scheduling Order (ECF 124) set forth below should be extended as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Substantial completion of fact discovery | January 23, 2026 | July 23, 2026 |
| Class certification motion and Plaintiffs' class certification expert disclosures due | March 20, 2026 | September 21, 2026 |
| Fact discovery deadline | March 27, 2026 | September 28, 2026 |
| Class certification opposition and Defendants' class certification expert disclosures due | May 20, 2026 | November 20, 2026 |
| Defendant's Rule 702/*Daubert* motion related to class certification due | May 20, 2026 | November 20, 2026 |
| Plaintiffs' Rule 702/*Daubert* motion | June 18, 2026 | December 18, 2026 |
| Class certification reply and Plaintiffs' expert reply disclosures due | July 16, 2026 | January 15, 2027 |
| Defendant's opposition to Plaintiffs' Rule 702/*Daubert* | July 16, 2026 | January 15, 2027 |

| motion due | | |
|---|---|---|
| Plaintiffs' opposition to Defendant's Rule 702/*Daubert* motion due | July 16, 2026 | January 15, 2027 |
| Class certification expert discovery cut-off | July 16, 2026 | February 15, 2027[1] |
| Class certification hearing | August 13, 2026 at 2:00 p.m. | March 8, 2027 at 2:00 p.m. |

Dated:  January 20, 2026          CARLTON FIELDS, LLP

                              By: ____/s/Stephen Beke_____
                                      Stephen Beke

                              Attorneys for Defendant CooperSurgical, Inc.


Dated:  January 20, 2026          GIRARD SHARP LLP

                              By: ____/s/ Nina R. Gliozzo_____
                                      Sarah R. London
                                      Nina R. Gliozzo


                              CLARKSON LAW FIRM, P.C.

                                  Tracey B. Cowan

                              Attorneys for Plaintiffs T.U. and V.W.

---

[1] The suggested modification to the expert discovery deadline would allow Defendants to depose any experts Plaintiffs disclosed in their reply expert disclosures. *See supra* at 4:23-25.

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED:                    _____

4                              JON S. TIGAR
                               UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>SIGNATURE ATTESTATION</u>

Under Civil Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to both signatories to this stipulation, and that I obtained the authorization of counsel for Plaintiffs T.U. and V.W. to affix her electronic signature to this document.

*/s/ Stephen Beke*
Stephen Beke

JOINT STIPULATION TO CONTINUE SCHEDULING ORDER DEADLINES
CASE NO. 4:24-CV-01261-JST

**DECLARATION OF STEPHEN BEKE**

I, Stephen Beke, declare as follows:

1.      At all times mentioned herein, I have been, and am, an attorney at law duly licensed to practice before all the Courts of the State of California, including the U.S. District Court for the Northern District of California.  I am Senior Counsel in the law firm of Carlton Fields, LLP, and am counsel for Defendant CooperSurgical, Inc. ("CooperSurgical") in this matter.

2.      I have personal knowledge of the facts and circumstances stated in this Declaration, and if called and sworn as a witness at trial or any other hearing before this Court, could and would testify competently thereto.  I make this Declaration in support of the Joint Stipulation To Continue Scheduling Order Deadlines submitted by Plaintiffs T.U. and V.W. and Defendant CooperSurgical, Inc. (collectively, the "Parties").

3.      As set forth in the Joint Stipulation, the Parties have stipulated to extend the deadlines in the current Scheduling Order (ECF 124) by a period of approximately six months. Under Civil Local Rule 6-2(a)(3), the modified schedule proposed in this Joint Stipulation will extend all currently existing case deadlines, with the exception of the date for the Updated Joint Case Management Statement, which is due by 2/13/26, and the Further Case Management Conference, set for 2/20/26.

4.      Under Civil Local Rule 6-2(a)(2), the following scheduling modifications have occurred in this case to date: on March 25, 2024, the Parties filed a Joint Stipulation to Extend Defendants' Time to Respond to Plaintiffs' Motion for Protective Order (ECF 19); on June 5, 2024, the Parties filed a Joint Stipulation to Extend Defendants' Time to Respond to the First Amended Complaint (ECF 59); on July 23, 2024, the parties stipulated and the Court entered an order to adjust briefing deadlines in response to Defendants' motions to dismiss and motions to strike the First Amended Class Action Complaint (ECF 73, 74); on December 20, 2024, the Parties agreed and the Court entered an order to extend CooperSurgical's time to respond to the First Amended Class Action Complaint as to Plaintiffs T.U. and V.W. until January 31, 2025

(ECF 96, 97); on January 16, 2025, the Parties filed a Stipulation to Extend the Deadline to File Joint ESI and Protective Orders by two weeks (ECF 106); on January 28, 2025, the Court granted Defendant's Unopposed Motion for Extension of Time to File Rule 26(f) Report (ECF 110, 111); on February 20, 2025, the Parties filed a Joint Stipulation to Extend Defendant's Time to Respond to the Second Amended Complaint by one week (ECF 125); and on June 2, 2025, the Court approved the Stipulation of CooperSurgical and Third-Party Defendant Embryotech for a Modified Briefing Schedule and Continued Hearing Date on Third-Party Defendants' Motions to Dismiss to July 17, 2025 (ECF 141, 142).

5.    On June 10, 2025, I filed a Notice of Appearance in this matter (ECF 143).  On July 2, 2025, CooperSurgical, Inc. filed a Notice of Change of Counsel stating that the firm of Nelson Mullins Riley & Scarborough, LLP and attorneys Robert L. Wise and Jennifer T. Persky were withdrawing as counsel for CooperSurgical, Inc., and that Jenny A. Covington and Molly Jean Given were now affiliated with Carlton Fields, LLP, and remained counsel of record for CooperSurgical, and had filed separate notices of change in firm affiliation, along with my June 10, 2025 Notice of Appearance in this matter.

6.    Given that I entered an appearance as new counsel on behalf of CooperSurgical in June 2025, and certain counsel from the firm of Nelson Mullins Riley & Scarborough withdrew from the matter in July 2025, and given that the pleadings were only settled in this case on November 13, 2025, CooperSurgical will be unable to complete the needed fact and class discovery by the time of the current January 23, 2026 deadline for the substantial completion of fact discovery, or by the time of the current March 27, 2026 fact discovery deadline.

7.    The Parties have been diligent in conducting discovery in this case:

a.    Plaintiffs and Defendant have exchanged written discovery, and Defendant recently served a second set of discovery requests on class issues.  Plaintiffs have made a production in response to Defendant's first set of requests, and have stated that they are searching for other responsive documents in their possession, custody, and control.  While there was some delay in Defendant's production of documents due to the change in CooperSurgical's defense counsel, Defendant has

produced thousands of documents since September 2025; the Parties have been working collaboratively to confer about the production of additional documents that may be responsive to outstanding discovery requests on both sides;

b.      Following the production of documents and custodial files, the first fact witness depositions began in November 2025 and are currently ongoing;

c.      The Parties are still conferring regarding dates for the depositions of the Plaintiffs; the Parties anticipate that both Plaintiffs' depositions will occur by June 2026, as the parties agree it will take additional time to obtain a comprehensive set of relevant records and finalize meeting and conferring related to written discovery before then; and

d.      There are several fact witnesses for whom Plaintiffs noticed depositions, but where scheduling has been delayed because the witnesses are no longer employees of CooperSurgical.  Some of these deponents reside out of the country.  Thus, it will take additional time to get them properly served under appropriate law and/or the Hague where applicable.

8.      CooperSurgical may learn information at Plaintiff's deposition that will necessitate further discovery, including, *e.g.*, additional third-party subpoenas (since Embryotech and Hamilton Thorne are no longer parties to this action) and depositions of Plaintiff's treating physicians.

9.      The Parties are conferring regarding dates and topics for depositions of CooperSurgical under Rule 30(b)(6), which have not yet been set.

10.     In addition to striving to meet the deadlines in this case, the Parties are working to meet the deadlines in the related cases for which the Parties have been coordinating discovery efforts, including cases with a consolidated trial set for June 2026 in California superior court.

11.     The expert reply disclosures deadline and the expert completion deadline were initially set forth in the Scheduling Order (ECF 124) for the same day, which would not have allowed time for CooperSurgical to depose any experts that Plaintiffs disclosed on that day.

12.     No trial date has yet been set in this matter, such as would be affected by this

1 | Joint Stipulation, and this is the Parties' first request to modify the Scheduling Order.

2 |       13.    Good cause exists to vacate the deadlines in the current Scheduling Order (ECF

3 | 124), because the requested continuance: is reasonable and necessary to permit completion of

4 | discovery and case preparation on the merits, given the complexity of the class action case; will

5 | promote efficient case management and conservation of judicial resources; is not being sought

6 | for purposes of delay; and will not prejudice any party.

7 |       I declare under penalty of perjury under the laws of the United States of America that the

8 | foregoing is true and correct.

9 |       Executed on January 20, 2026, at Los Angeles, California.

                                                                                _____

Stephen Beke

JOINT STIPULATION TO CONTINUE SCHEDULING ORDER DEADLINES
CASE NO. 4:24-CV-01261-JST